UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-04159-JLS-E                                   Date: June 11, 2024
Title: Sarkis Kadehjian et al. v. ADT LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendant:

Not Present                                               Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

    Plaintiff filed this action in Los Angeles County Superior Court, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence under California law.  (*See* Compl., Doc. 1-1.)  Defendant removed, asserting that this Court has diversity jurisdiction.  *See* 28 U.S.C. §§ 1446, 1441(b).  (Notice of Removal, Doc. 1.)

    Diversity jurisdiction requires, among other things, that the amount in controversy "exceed[] the sum or value of $75,000."  28 U.S.C. § 1332(a).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*."  *Id.*

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-04159-JLS-E | Date: June 11, 2024 |
| Title: Sarkis Kadehjian et al. v. ADT LLC et al. | |

(quoting *Dart*, 574 U.S. at 87).  Amount-in-controversy estimates "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

     Here, Plaintiffs' complaint asserts only that the amount in controversy exceeds $35,000.  (*See* Compl., Doc. 1-1, Ex. A ¶ 7.)  Plaintiffs seek to recover for "property damage to their residence" incurred in a burglary and "the loss of jewelry, valuables, designer shoes/purses, and other items."  (*Id.* ¶ 17.)  Plaintiffs also seek to recover attorney fees.  (*Id.* at 6 (prayer for relief).)  In its Notice of Removal, Defendant asserts that there is over $75,000 at issue.  (Notice of Removal, Doc. 1 ¶¶ 13–15.)  In support, Defendant states in a conclusory fashion: "To be sure[,] it is clear from the face of the Complaint . . . [that] it is more than plausible [Plaintiffs] seek to recover damages in excess of $75,000, excluding interest and costs."  (*Id.* ¶ 13.[1])

     Therefore, the Court *sua sponte* questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant now bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*."  *Id.* at 762 (emphasis added).

     Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response.  No further briefing is permitted.  Following submission of the parties' briefing, which

---

[1] Defendant also contends that "Plaintiffs' counsel has represented to ADT that Plaintiffs' alleged damages likely exceed $200,000, claiming that one of the watches allegedly stolen was worth $60,000."  (*Id.* ¶ 14.)  Defendant does not, however, provide any evidence substantiating that contention.  *See* L.R. 7-6 ("Factual contentions involved in any motion . . . shall be presented . . . upon declarations and other written evidence . . . .").

| **CIVIL MINUTES – GENERAL** | 2 |
|---|---|

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-04159-JLS-E | Date: June 11, 2024 |
| Title: Sarkis Kadehjian et al. v. ADT LLC et al. | |

shall not exceed **five (5) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

                                                  Initials of Deputy Clerk: cr